**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KERUNA KYLES**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 9947 |
| **SUPERINTENDENT MARTINEZ**, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Keruna Kyles ("Kyles") has utilized the form of 42 U.S.C. § 1983 ("Section 1983") Complaint made available for use by prisoners to charge Superintendent Martinez and Sargeant Deane (both assigned to Division 4 of the Cook County Jail) with the violation of Kyles' constitutional rights. Kyles has accompanied her Complaint with an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"), using forms that are also supplied by the Clerk's Office of this District Court. This memorandum order is issued sua sponte contemporaneously with the issuance of a memorandum order establishing an initial status hearing.

To begin with the provisions of 28 U.S.C. § 1915 ("Section 1915") with which Kyles must comply, the Cook County Jail trust fund printout that accompanies the Application reflects that during the six-month time period preceding the filing of suit the average monthly deposits to Kyles' account amounted to $16.67, 20% of which is $3.33. Under Section 1915(b)(1) Kyles is obligated to pay the full $350 filing fee in future installments, with the initial partial filing fee of $3.33 to be paid forthwith. Accordingly Kyles is assessed that initial fee of $3.33, and the Cook

County Jail trust fund officer is ordered to collect that amount from Kyles' trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago, IL  60604
>
> Attention:  Fiscal Department

After such payment, the trust fund officer at Cook County Jail (or at any other correctional facility where Kyles may hereafter be confined) is authorized to collect monthly payments from Kyles' trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Kyles' name and the 12 C 9947 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

To turn to the substance of Kyles' Complaint, she asserts that she was the victim of an unprovoked attack by two other inmates (one of whom was her roommate at the time) and that her grievances submitted to Superintendent Martinez requesting a transfer away from those inmates or to another County Jail have gone unheeded.  Kyles adds she has since been threatened by the other two inmates and is "scared for my life in Cook County Jail."

Because the Inmate Grievance Form attached to Kyles' Complaint is in part so faint as to be illegible, this Court cannot tell whether Kyles has satisfied the precondition to suit by a prisoner established by 42 U.S.C. § 1997e(a) (the exhaustion of all available administrative

remedies), so for now it will be assumed that she has done so -- but without prejudice to Superintendent Martinez' possible assertion of a nonexhaustion defense.

As for Sargeant Deane, nothing asserted by Kyles indicates that his limited contact with her (he was the officer in charge of the floor to which she was assigned at the time of the fight between the other two inmates that preceded their attack on her) involved a violation of her constitutional rights. Accordingly this action will go forward only against Superintendent Martinez.[1]

          _____
          Milton I. Shadur
          Senior United States District Judge

Date: January 8, 2013

---

[1] Because Kyles has not completed the Motion by identifying any efforts that she has made to retain counsel (a critical component under Seventh Circuit law), it is denied for the present. If Kyles hereafter files a Motion in proper form, this Court is prepared to reconsider that ruling.